323 P.2d 266

**PILLSBURY MILLS, Inc., a corporation, Plaintiff and Respondent,**

v.

**NEPHI PROCESSING PLANT, Inc., a corporation, Defendant and Appellant, and**

**Lafe Morley and Callie Morley, his wife, Cross-Complainants and Respondents.**

No. 8723.

Supreme Court of Utah.

March 26, 1958.

Udell R. Jensen, Nephi, for appellant.

Howell, Stine & Olmstead, Ogden, Dwight L. King, Salt Lake City, for respondents.

WADE, Justice.

This is an appeal by the Nephi Processing Plant, Inc., from a refusal of the trial

court to vacate a judgment obtained against it by Pillsbury Mills, Inc., and to grant a new trial.

From the record it appears that the Nephi Processing Plant, Inc., appellant herein, purchased turkeys from Lafe Morley which it knew was mortgaged to the Pillsbury Mills, Inc., respondent herein, and that by the terms of such chattel mortgage the purchasers were obligated to pay the proceeds of the sale directly to the mortgagee to be applied on the debt secured by these turkeys. The proceeds from the sale would have been sufficient to satisfy the mortgage indebtedness. Appellant however, only paid a portion of the proceeds to the mortgagee and paid to the mortgagors, (Morley) a sum which together with that paid to the mortgagee ultimately proved to be more than was due on the entire purchase price. When Pillsbury Mills notified appellant that there was a balance of approximately $2,700 due it on Morleys' mortgage indebtedness and demanded an accounting of the proceeds due on the sale of those turkeys to it, appellant replied that it was willing to pay the sum due if the Morleys would authorize such payment since it understood that the Morleys were making some claim against Pillsbury Mills and appellant did not wish to be involved in the controversy. Pillsbury Mills then brought this suit against appellant for an accounting of the proceeds of the mortgaged turkeys it had purchased and for a remittance to it of such proceeds up to the amount of the mortgage. When the president and general manager of Nephi Processing Plant was served with the summons and complaint he contacted Lafe Morley who advised him that he had an attorney who was taking care of his claims against Pillsbury Mills and suggested that this attorney could also take care of the suit Pillsbury Mills had commenced against appellant. Upon this suggestion the president of appellant went to see the Morleys' attorney and after conferring with him about the Pillsbury Mills' claim and the Morleys' claims against Pillsbury Mills, left the summons and complaint with that attorney on the assurance that he would take care of the matter for appellant. This attorney then succeeded in intervening and filing a cross-complaint against Pillsbury Mills in this action, and also filed an answer for appellant. The answer alleged that appellant was informed that the Morleys claimed that there was no indebtedness due Pillsbury Mills under the mortgage because of its breach of warranty of turkey feed; that appellant had approximately $2,700, which was a portion of the purchase price of the Morleys' turkeys, that it had no interest in this sum, but since it was claimed by both the Morleys and Pillsbury Mills, it would pay to whomever the court would determine the fund belonged. Before the case came to trial Pillsbury Mills made a settlement with the Morleys and they dismissed their cross-complaint. The attorney who had filed the answer on behalf of appellant

then stipulated that Pillsbury Mills should be paid the fund allegedly being held by appellant and that a judgment should be entered in favor of the plaintiff, Pillsbury Mills, Inc. It is the judgment entered pursuant to this stipulation that appellant seeks to have vacated.

Appellant contends that since Pillsbury Mills' claim against it grew out of a debt secured by a mortgage, Sec. 78-37-1, U.C.A.1953, requiring that there be but one action for the recovery of any debt secured by mortgage governs and that since the Morleys intervened asking that their claim against Pillsbury Mills be offset against their mortgage indebtedness this should have been done and the failure to do so was error. There is no merit to this contention. Pillsbury Mills did not bring this suit against the mortgagors to foreclose its mortgage but brought suit against appellants for an accounting of mortgaged property. This property was bought by appellant with knowledge that it was mortgaged and subject to a lien and that permission to purchase was given on condition that the proceeds be directly paid to the mortgagee to apply on any debt due under the mortgage. This was not an action to foreclose a mortgage and therefore the provisions of Sec. 78-37-1, U.C.A.1953, do not apply. The provisions of that act apply only to actions between mortgagors and mortgagees.

Appellant further contends that it was not represented by or had been abandoned by counsel, that it had no notice of any of the proceedings other than being served with summons and complaint, and that it had not authorized counsel to plead an admission which tended to create liability against it, and therefore the judgment should have been vacated and the court's failure to do so was an abuse of discretion.

The evidence is conclusive that appellant's president and general manager upon being served with summons and complaint conferred with the attorney who was representing the Morleys, knowing that he was representing the Morleys and left the matter to be taken care of by him, expecting him to file an answer on behalf of the Nephi Processing Plant. The answer which was filed conformed to the statements in the letter which the Nephi Processing Plant had previously sent to Pillsbury Mills. A fair conclusion therefore is that the answer filed by counsel conformed to the information given him by the president and general manager of appellant that it was holding the fund involved pending determination as to whom it was to be paid in view of the dispute between the Morleys and Pillsbury Mills. Appellant chose this counsel to represent it with full knowledge that this counsel was representing the Morleys. This counsel was served with all subsequent notices and pleadings in the case. Under Rule 5(b), U.R.C.P., such service was suffi-

cient service upon the party affected thereby. Furthermore, the judgment was dated February 18, 1957, and was filed February 21, 1957, on the latter date the attorney for Pillsbury Mills mailed to Nephi Processing a letter informing them of the judgment. The appeal period was permitted to go by and it was not until April 12, 1957, that this collateral attack in the form of the motion to vacate the judgment was filed. Under such circumstances the court did not abuse its discretion in refusing to vacate the judgment.

Affirmed. Costs to respondents.

McDONOUGH, C. J., and CROCKETT and WORTHEN, JJ., concur.

HENRIOD, J., concurs in the result.